OPINION
{¶ 1} Douglas Ward was indicted with one count of domestic violence, a felony of the fourth degree, arising out of the assault of his live-in girlfriend on May 22, 2005. Ward moved to dismiss the charge, arguing that it violated the so-called Defense of Marriage amendment to the Ohio Constitution, ArticleXV, Section 11. On August 17, 2005, the court dismissed the charge. The State appeals.
 {¶ 2} The State's sole assignment of error is as follows:
 {¶ 3} `THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT DECLARED REVISED CODE SECTION 2919.25 UNCONSTITUTIONAL AS IT RELATES TO COHABITATING PARTNERS, PURSUANT TO ARTICLE 15, SECTION11 OF THE OHIO CONSTITUTION."
 {¶ 4} The State claims that the trial court erred when it found R.C. 2919.25 unconstitutional as it applies to persons living as spouses.
 {¶ 5} The State describes the victim as Ward's "live-in girlfriend." There is no suggestion that they were married, had been married, or had any children together. Accordingly, based on the record and the State's representation, the victim was a "person living as a spouse" under R.C. 2919.25.
 {¶ 6} This court has recently determined that, to the extent that R.C. 2919.25 extended its protection to "a person living as a spouse," it was rendered unconstitutional by the Defense of Marriage amendment, which became effective on December 2, 2004.State v. Ward, Greene App. No. 2005-CA-75, 2006-Ohio-1407. For the reasons set forth in Ward, the State's argument is without merit.
 {¶ 7} The assignment of error is overruled.
 {¶ 8} The judgment of the trial court will be affirmed.
Grady, P.J. and Brogan, J., concur.